UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAM GUIDRY,<br>    Plaintiff | CIVIL ACTION NO. 2:24-cv-02873 |
| versus | JUDGE JANE TRICHE MILAZZO |
| ANTHONY G. BUZBEE and<br>ANTHONY G. BUZBEE LP<br>(d/b/a THE BUZBEE LAW FIRM) and,<br>JOHN DOES 1-10<br>    Defendants | MAG. JUDGE MICHAEL NORTH |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS**

Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm) (collectively "Buzbee Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss for Forum Non Conveniens against Plaintiff, Adam Guidry.

As shown herein, the Buzbee Defendants were engaged pursuant to a written contract which contains a mandatory and enforceable forum selection clause requiring that "any action shall be brought in the District Courts of Galveston County, Texas." *See* Exhibit "A," ¶ 7. When a valid and enforceable forum selection clause points to a state court, the doctrine of *forum non conveniens* applies, and it requires dismissal of the Complaint.

**BACKGROUND**

The Buzbee Defendants are a Texas attorney and his law partnership. Plaintiff executed a Contract for Legal Services ("Legal Services Contract") with the Hodge Law Firm, PLLC ("Hodge") on December 5, 2019, in connection with his injuries. *See* Exhibit "A," attached

hereto. In the Legal Services Contract, Plaintiff agreed that Hodge could "associate" another lawyer or law firm in connection with the representation which "will not increase the total fee owed by Client." *Id.*, ¶ 4. The Legal Services Contract further provided:

> 7. Governing Law – This Contract shall be governed by the laws of the State of Texas and any action shall be brought in the District Courts of Galveston County, Texas.

*Id.*, ¶ 7. Plaintiff then entered a Consent to Association of Additional Counsel ("Consent to Association"), which directly referred to and incorporated the terms of the Legal Services Contract. *See* Exhibit "B," attached hereto. Under the Consent to Association, Plaintiff explicitly agreed to the association by Hodge of the Buzbee Defendants "for the purpose of assisting in the prosecution of the Client's case." *Id*. On September 28, 2023, Plaintiff consented in writing and under oath to the settlement of his claims and the disbursement of the settlement funds as specified in a Settlement Affidavit. *See* Exhibit "C."

Plaintiff filed the Complaint in this matter on December 13, 2024. Doc. 1. Therein, Plaintiff argues that the settlement he consented to more than a year ago was "coerced" and that the disbursement of the settlement funds was improper and unfair in multiple ways. *Id.*, ¶¶ 1, 2, 3, 15, 26, 29. Based on these facts, the Complaint attempts to state three causes of action against the Buzbee Defendants: breach of fiduciary duty, unjust enrichment, and negligence. *Id.*, ¶¶ 24-33. Notably, although Hodge jointly represented Plaintiff, Hodge was not named as a Defendant.

All of Plaintiff's claims arise out of the contracts attached hereto. Thus, Plaintiff's action "shall be brought in the District Courts of Galveston County, Texas." This forum selection clause is binding and mandatory. Under the doctrine of forum non conveniens, the Complaint should be dismissed without prejudice.

**LAW AND ARGUMENT**

I. **APPLICABLE LEGAL STANDARDS.**

The United States Supreme Court has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens.*" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49; 134 S. Ct. 568, 580; 187 L.Ed.2d 487 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* When transfer is not possible because the selected forum is a state or foreign court, dismissal without prejudice is appropriate. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 775 (5th Cir. 2016).

"Only under extraordinary circumstances unrelated to the convenience of the parties should" the motion be denied. *Atl. Marine*, 571 U.S. 49. The parties' contract with a mandatory forum selection clause "represents the parties' agreement as to the most proper forum." *Id.* (*quoting Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22; 108 S. Ct. 2239; 101 L.Ed.2d 22 (1988). The clause is mandatory if it "requires that all litigation be conducted in a specified forum." *LeBlanc v. C.R. England, Inc.*, 961 F.Supp.2d 819, 828 (N.D. Tex. 2013). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine*, 571 U.S. 49 (citation omitted). Thus, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*.

When faced with a valid forum-selection clause, "the plaintiff's choice of forum merits no weight." *Id.* Further, the court "should not consider arguments about the parties' private interests" because they have waived "the right to challenge the preselected forum as inconvenient

3

or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Thus, only if the "public interest" factors weigh in favor of retaining the case should the motion be denied. *Weber*, 811 F.3d at 775-76. These factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at 776 (citation omitted).

## II.   **THE COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE.**

Here, the parties' agreed that any actions relating to Plaintiff's claims "shall be brought in the District Courts of Galveston County, Texas." *See* Exhibit "A." The clause is mandatory because it specifies that all litigation be brought in this forum. *LeBlanc*, 961 F.Supp.2d at 827. This clause refers to a state court, therefore transfer is not possible and dismissal is the only option. *Weber*, 811 F.3d at 775. Plaintiff's choice of forum is given no weight and dismissal can only be avoided if the public interest factors weigh in favor of retaining this case. *Id.* at 775-76. None of them apply here.

There are no administrative difficulties flowing from court congestion. Second, this dispute has as much "local interest" in Texas as it does in Louisiana considering that is the domicile of the Defendants and where Mr. Buzbee is licensed, as well as the location where Plaintiff's underlying lawsuit was filed and handled against a Texas defendant. In addition, Plaintiff's treating physician was in Texas and all witnesses (other than Plaintiff) are located in Texas. Further, while Plaintiff appears to imply that Louisiana law will apply – Texas law governs the

4

conduct of a Texas attorney practicing law in Texas. Thus, this factor also weighs in favor of dismissal for refiling in Texas. Louisiana has very little interest in this lawsuit, its only connection being the place where Plaintiff now lives. Thus, whether there is any unfairness of burdening citizens in an unrelated forum with jury duty is a factor that also weighs in favor of dismissal.

Accordingly, this Motion should be granted and the Complaint dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Forum Non Conveniens filed by Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm), should be granted.

Respectfully submitted,

*/s/ Joelle F. Evans*
William P. Gibbens, 27225
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, MCGOEY &
MCEACHIN, L.L.C.
909 Poydras Street, Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

*Attorneys for Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP d/b/a The Buzbee Law Firm*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on January 14, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system while will send a notice of electronic filing to all CM/ECF participants.

                                            */s/ Joelle F. Evans*
                                            JOELLE F. EVANS