UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAM GUIDRY,<br>    Plaintiff | CIVIL ACTION NO. 2:24-cv-02873 |
| versus | JUDGE JANE TRICHE MILAZZO |
| ANTHONY G. BUZBEE and<br>ANTHONY G. BUZBEE LP<br>(d/b/a THE BUZBEE LAW FIRM) and,<br>JOHN DOES 1-10<br>    Defendants | MAG. JUDGE MICHAEL NORTH |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' RULE 11 MOTION FOR SANCTIONS**

Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm) (collectively "Buzbee Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Rule 11 Motion for Sanctions against Plaintiff's attorneys, Timothy W. Porter, Porter Malouf, P.A., Kelley Berry, and Berry & Munn, P.A.

As shown herein, in violation of Rule 11(b)(2) Plaintiff's attorneys knew, or should have known, of the existence of evidence that clearly refutes the factual allegations Plaintiff makes in the Complaint. In violation of Rule 11(b)(3), Plaintiff's attorneys also knew, or should have known, that Plaintiff has waived any claims or complaints he could have made regarding the settlement he freely and voluntarily agreed to *in a sworn writing* more than a year previously. Plaintiff's attorneys filed this baseless lawsuit anyway.

Further, Plaintiff's attorneys included in the Complaint multiple immaterial, impertinent and scandalous accusations which bear no relevance or relationship to Plaintiff's claims. These allegations violate Rule 11(b)(1) because they were included by Plaintiff's attorneys

for an improper purpose, namely to harass the Buzbee Defendants and to damage their reputations. Fed. R. Civ. Proc. 11(b)(1). Plaintiff's attorneys should be sanctioned accordingly including but not limited to an award of reasonable expenses, including attorney's fees, incurred in bringing this Motion.

## BACKGROUND

### I. FACTS RELATED TO PLAINTIFF'S CLAIMS.

The Complaint in this matter was filed on December 13, 2024. Doc. 1. As stated therein, Plaintiff is represented by Timothy W. Porter, Porter Malouf, P.A., Kelley Berry, and Berry & Munn, P.A. *Id.* The Complaint alleges that the Buzbee Defendants are a Texas attorney and his law partnership. Doc. 1, ¶¶ 6, 7. It alleges that Plaintiff was referred to the Buzbee Defendants by another attorney to represent Plaintiff in a personal injury suit for injuries sustained while working aboard a vessel, the General Eisenhower. *Id.*, ¶¶ 13-14.

These allegations are partially correct. Plaintiff executed a Contract for Legal Services with the Hodge Law Firm, PLLC ("Hodge") on December 5, 2019, in connection with his injuries. *See* Exhibit "A," attached hereto. Plaintiff agreed to a 40% contingency fee and that Hodge could "associate" another lawyer or law firm in connection with the representation which "will not increase the total fee owed by Client." *Id.*, ¶ 4. Pursuant to a Consent to Association of Additional Counsel contract, executed by Plaintiff, Plaintiff explicitly agreed to the association by Hodge of the Buzbee Defendants "for the purpose of assisting in the prosecution of the Client's case." *See* Exhibit "B," attached hereto. Under the Consent to Association, Plaintiff agreed that Hodge and the Buzbee Defendants would "jointly represent" Plaintiff and that the 40% contingency fee under the Legal Services agreement would "be split with 60% being paid to The Buzbee Law Firm, and 40% being paid to [Hodge]." *Id.*

2

The Complaint alleges that the Buzbee Defendants "coerced" Plaintiff to settle for less than one-third of the purported value of his claim; failed to keep him informed about expenses and other matters; and allegedly deducted inflated expenses, loans, and interest from the settlement funds. *Id.*, ¶¶ 1, 2, 3, 15. There is no explanation whatsoever how Plaintiff was allegedly "coerced" to settle his claims.

Specifically, the Complaint claims:

> Buzbee Defendants **never explained Guidry's options**, **never discussed the pros and cons of trial versus settlement**, never disclosed mounting expenses, and never disclosed the meager amount Guidry would receive at distribution.

*Id.*, ¶ 1. The Complaint urges that the Buzbee Defendants "failed to disclose to [Plaintiff] the ramifications of settlement versus trial." *Id.*, ¶ 29.

The Complaint alleges that Plaintiff was "stunned" when the "settlement funds were disbursed" because he "receive[d] only ,"[1] claiming the Buzbee Defendants "had taken 98% of Guidry's final disbursement and 74% of his overall settlement," which Guidry claims was "grossly excessive." *Id.*, ¶¶ 2, 26. Clearly referring directly to the detailed settlement disbursement documents provided to Plaintiff by the Buzbee Defendants, the Complaint alleges:

> 2. The Buzbee Law Firm deducted $▓▓▓▓ in fees and $▓▓▓▓ in 'expenses' including: $▓▓▓▓ for expert witness fees; $▓▓▓▓ for postage and copies; $▓▓▓▓ for more copies; $▓▓▓▓ for attorney travel expenses; and, adding insult to injury, $▓▓▓▓ for 'closing' fees. Moreover, the Buzbee Defendants deducted $▓▓▓▓ in fees and expenses for a referring attorney who, despite promptly handing-off Guidry, claimed he accumulated $▓▓▓▓ in expenses.

*Id.*, ¶ 2. Based on these facts, the Complaint attempts to state three causes of action: breach of fiduciary duty, unjust enrichment, and negligence. *Id.*, ¶¶ 24-33.

---

[1] Given the Confidentiality Agreement in the underlying lawsuit, the Buzbee Defendants redact all amounts even though the amounts are stated in Plaintiff's Complaint. *See* ¶¶ 2, 26.

What the Complaint fails to mention is that *more than a year ago*, on September 28, 2023, Plaintiff was provided and executed a detailed Settlement Affidavit in advance of the settlement and disbursement which directly contradicts the factual allegations of the Complaint. *See* Exhibit "C," redacted. The Settlement Affidavit contained a detailed breakdown of the settlement and disbursement including the agreed 40% fee, which was split 60/40 between the Buzbee Defendants and Hodge as Plaintiff had previously agreed. *See* Exhibit "A" and "B." It also contained a detailed breakdown of all expenses deducted from the settlement. *See* Exhibit "C."

Most notably, in the Settlement Affidavit, Guidry certified, under oath:

> **I have reviewed and understand the breakdown of the settlement funds in this case**, and state that <u>the same has been explained to me by my attorneys to my satisfaction</u>.
>
> …
>
> It is also understood that all of the above listed medical bills have been paid out of my settlement funds.
>
> …
>
> I have been advised that any questions regarding this disbursement will be explained to my satisfaction, **and I certify that <u>I am fully satisfied with the information I have been provided and the services rendered by the Buzbee Law Firm</u>**.

*Id.*, pp. 3-4 (emphasis added). Guidry also agreed, under oath, that he understood that if he "requested loans from the Buzbee Law Firm," interest would be charged and that he "**knew in advance of such charge, and agreed to such charge**." *Id.*, p. 3 (emphasis added). Finally, in the last paragraph before Plaintiff executed the Settlement Affidavit, before a notary, under oath, he agreed:

> **Prior to settling this case, Client understood and agreed that such settlement would fully resolve his/her case, and understood that if the case continued, Client might receive more, or less, but**

4

> **Client, <u>and Client alone made the decision to settle</u> to avoid further litigation and the uncertainties of what the future holds**.

*Id.*, p. 4 (emphasis supplied and added).

As stated, it is apparent that the Plaintiff's attorneys knew of the Settlement Affidavit since they referred to Plaintiff's execution of it in the Complaint (*see* ¶ 10) and directly quote from it (*see* ¶¶ 2, 3). Yet, Plaintiff's attorneys ignored the explicit representations, acknowledgements, and agreements Guidry made in the Settlement Affidavit which, without question, establish that he waived any possible claims or complaints he could have regarding the settlement and disbursement of the settlement funds. Moreover, to the extent Plaintiff attempts to state any tort claims under Louisiana law, Plaintiff's attorneys knew, or should have known, those claims are prescribed.[2]

## II.   <u>IMMATERIAL, IMPERTINENT AND SCANDALOUS ALLEGATIONS.</u>

Further, Plaintiff's attorneys also included in the Complaint numerous *immaterial*, *impertinent*, and *scandalous* allegations which have nothing whatsoever to do with Plaintiff's claims against the Buzbee Defendants. These allegations are included solely to harass the Buzbee Defendants and damage their reputations.

The Complaint filed by Plaintiff's attorneys represents that the Buzbee Defendants "have a pattern of using … predatory practices against their clients." Doc. 1, ¶ 16. It then describes, in detail, alleged accusations made by other former clients of the Buzbee Defendants regarding allegedly mishandling and misappropriating maintenance and cure payments (an allegation which is not made in the present lawsuit) and making improper client loans. *Id.*, ¶¶ 17-20. The Complaint

---

[2]   Plaintiff claims that his alleged injuries were sustained in Louisiana, contending that the settlement documents were signed and notarized in Louisiana and that the Buzbee Defendants "committed acts of commission and omission in the State of Louisiana including breaching duties to Guidry while unjustly enriching themselves." Doc. 1, ¶ 10. Plaintiff specifically cites to Louisiana law in his claim for unjust enrichment. *Id.*, ¶ 31.

5

also includes other random accusations which have nothing at all to do with Plaintiff's claims against the Buzbee Defendants. It alleges that, in another unrelated case, a "referral agreement" was declared "invalid." *Id.*, ¶ 21. In yet another unrelated matter, the Complaint asserts that the Buzbee Defendants submitted a "fraudulent" affidavit. *Id.*, ¶ 22. The Complaint also includes the scandalous allegations that Mr. Buzbee "physically assaulted a client he was representing in a divorce" and is a "hypocrite." *Id.*, ¶ 23; FN 4.

None of these alleged facts have any bearing, relationship, or relevance to the causes of action Plaintiff attempts to state against the Buzbee Defendants in this litigation. In fact, Plaintiff's attorneys improperly have included the same irrelevant accusations in another matter they recently filed for a different former client of the Buzbee Defendants. *See Thompson v. Anthony G. Buzbee, et* al, case number 2:24-cv-02817, U. S. District Court, Eastern District of Louisiana, Doc. 1. Like here, the false accusations have no relevance to the claims asserted. *Id.* The scandalous contentions have already garnered national media attention. *See* https://www.law.com/texaslawyer/2024/12/16/the-buzbee-law-firm-accused-of-client-abuse-in-two-louisiana-lawsuits/?slreturn=20241230172900.

On January 6, 2025, as required by Rule 11(c)(2), undersigned counsel served this Motion and the Memorandum in Support on Plaintiff's attorneys via email. *See* Exhibit "D," attached hereto; Fed. R. Civ. Proc. 11(b)(2). Undersigned counsel demanded that the impertinent, irrelevant, and scandalous allegations be removed from the Complaint. *Id.* More than twenty-one days have passed, but Plaintiff's attorneys have taken no corrective action. *Id.*

As discussed below, the Buzbee Defendants are entitled to an order imposing appropriate sanctions on Plaintiff's attorneys for their violations of Rule 11(b), including but not

limited to an award of reasonable expenses, including attorney's fees, incurred in bringing this Motion.

## LAW AND ARGUMENT

I. **APPLICABLE LEGAL STANDARDS.**

Rule 11 imposes certain obligations on the party or attorney filing a pleading in the record. Under Rule 11:

> **By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney** or unrepresented party **certifies** that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1) it is not being presented for any improper purpose, such as to harass**, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2) the claims**, defenses, and other legal contentions **are warranted by existing law or by a nonfrivolous argument** for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3) the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …

Fed. R. Civ. P. 11(b) (emphasis added). Further:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, **the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation**. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1) (emphasis added).

"The purpose of Rule 11 is to deter baseless filings in the district court, and to spare innocent litigants and overburdened courts from the filing of frivolous lawsuits." *Dodson v.*

*Nichols*, CV 22-00423-BAJ-SDJ, 2024 WL 4299023, at *4 (M.D. La. Sept. 26, 2024) (*citing Cotter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). "[T]he standard under which the attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Jenkins v. Methodist Hospital of Dallas, Inc.,* 478 F.3d 255, 264 (5th Cir. 2007) (en banc). Under this objective standard, "an attorney's subjective good faith is not enough to immunize him from sanctions based on a Rule 11 violation." *Dodson*, 2024 WL 4299023 at *4 (*citing Thomas v. Cap. Sec. Servs., Inc.,* 836 F.2d 866, 873 (5th Cir. 1988)).

"In deciding a motion under Rule 11, courts within the Fifth Circuit are required to determine whether the signatory has complied with the affirmative duties imposed under the rule." *Id.* "District courts have wide latitude to impose sanctions under Rule 11 as district court rulings under Rule 11 are reviewed for abuse of discretion." *Id.* (*citing Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). "District courts possess discretion in determining the nature of the appropriate sanction." *Id.* (*citing Thomas*, 836 F.2d at 876, 877).

Sanctions are warranted under Rule 11(b)(2) when the filing attorney knew or should have known at the time of filing, that the claims and other legal contentions are not warranted by existing law or a nonfrivolous argument for the extension of same. *Id.* Similarly, if the filing attorney knew, or should have known at the time of filing, did not have, or were not likely to have evidentiary support, sanctions are warranted under Rule 11(b)(3). *Id.*

Filing for an "improper purpose" is an independent basis for sanctions under Rule 11(b)(1) and is not dependent on the district court finding a violation of some other prohibition in Rule 11(b). *Whitehead*, 332 F.3d at 803 (finding that although "[t]he district court concluded [attorney] violated each subpart" of Rule 11(b) "it is only necessary to decide whether he violated one" to affirm sanctions because each subpart "provide[s] independent bases for sanctions").

"If it is objectively ascertainable that an attorney submitted a paper to the court for any improper purpose, even if the paper contains nonfrivolous representations or papers well grounded in fact and law, sanctions may still be warranted." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 14 F.Supp.3d 760, 766 (W.D. La. 2014), *aff'd,* 614 Fed.Appx. 705 (5th Cir. 2015) (*citing Whitehead*, 322 F.3d at 805). Filings that contain "abusive language" violate Rule 11(b)(1) if it is objectively ascertainable that it was submitted for "an improper purpose." *Whitehead*, 322 F.3d at 804. A filing made for the purpose of embarrassing or harassing a party is an improper purpose under Rule 11(b)(1). *Id.* at 805-07. As found by one district court, "where the only purpose of including scandalous, defamatory, and irrelevant matter in a complaint (or other proceeding) is to embarrass, intimidate, and coerce, the truth or falsity of the charges is immaterial." *Spencer v. Dixon*, 290 F.Supp. 531, 541 (W.D. La. 1968).

> Sanctions can be sought through a motion which:
>
> must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. **If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion**.

Fed. R. Civ. P. 11(c)(2) (emphasis added).

If the district court finds a Rule 11 violation, the imposition of some sanction is mandatory. *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). The district court "retains broad discretion in fashioning an 'appropriate' sanction." *Childs*, 29 F.3d at 1027. In determining the type of sanction to be imposed under Rule 11, the court "should utilize the least severe sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose."

9

*Marceaux*, 14 F.Supp.3d at 767 (*quoting Jenkins v. Methodist Hospitals of Dallas, Inc.,* 478 F.3d 255, 265 (5th Cir. 2007) (*quoting Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 878 (5th Cir. 1988)). "On the other hand, sanctions should be 'sufficient to deter repetition of [similar] conduct.' " *Id.* (*quoting* Fed. R. Civ. P. 11(c)(2) now Rule 11(c)(4)). The range of appropriate sanctions is broad and may include monetary sanctions, fines, injunctions, dismissal, public reprimand, or compulsory legal education. *Butowsky v. Folkenflik*, 4:18CV442, 2020 WL 9936143, at *18, n14 (E.D. Tex. Sept. 1, 2020), *report and recommendation adopted,* 4:18CV442, 2020 WL 9936140 (E.D. Tex. Sept. 21, 2020).

## II. PLAINTIFF'S ATTORNEYS SHOULD BE SANCTIONED FOR THEIR VIOLATIONS OF RULE 11.

### A. Plaintiffs' Attorneys Have Violated Rule 11(b)(2) and (3).

As stated, under Rule 11(b)(2) and (3), Plaintiff's attorneys are subject to sanction if they filed a pleading they knew or should have known was not supported by the law or evidence. Fed. R. Civ. Proc. 11(b)(2), (3). Because Plaintiff's attorneys refer to the Settlement Affidavit, and directly quote the figures contained therein, it is clear they had actual knowledge of it. Yet, *directly contrary to the explicit representations and agreements Plaintiff made therein,* Plaintiff's attorneys misrepresented in the Complaint that Plaintiff was not advised of his options, that he was not advised he had a right not to accept the settlement, that the Buzbee Defendants were overpaid, and that Plaintiff was "coerced" into settlement. Doc. 1.

The sworn and signed Settlement Affidavit states, explicitly, that Plaintiff "reviewed and understand[s]" the settlement breakdown; that it had been adequately and sufficiently explained to him by the Buzbee Defendants; that he is "fully satisfied with the information" he had been provided regarding the settlement as well as "the services rendered by" the Buzbee Defendants; and that he "alone made the decision to settle to avoid further litigation

and the uncertainties of what the future holds." *See* Exhibit "C." A reasonable attorney in possession of this information should know that Plaintiff's claims against the Buzbee Defendants are not supported, and in fact, contradicted by, the evidence.

Moreover, as Plaintiff's attorney knew, or should have known, any claims Plaintiff could have asserted are waived or prescribed. Under Louisiana law, "[a] compromise agreement may only be rescinded or set aside where one of the following has been shown: (1) error in the person, (2) error on the matter in dispute, (3) fraud or violence (duress)." *Hoover v. Boucvalt*, 99-0867, p. 3 (La. App. 4 Cir. 11/24/99); 747 So. 2d 1227, 1230, *writ denied,* 99-3610 (La. 2/18/00); 754 So. 2d 969. As noted, Plaintiff's attorneys allege in the Complaint that he was "coerced" into settlement but provide no other facts to support the contention, other than the vague allegations that he was told "he had no choice," was "vulnerable," "financially destitute," "struggling with addiction," and dealing with a failed marriage. Doc. 1, ¶ 1. The law is clear these allegations do not constitute duress sufficient to rescind a binding agreement. In *Hoover*, the plaintiff attempted to rescind a compromise agreement claiming she agreed under duress because the judge told her she "would never 'see a penny from the case if she did not settle then and there.'" *Hoover*, 747 So. 2d at 1230. She also claimed she was under pressure and financial duress. *Id.* The appellate court rejected these arguments, finding they did not amount to legal duress:

> A party cannot claim duress based on the choice between reaching a compromise agreement and going to trial. The expense and uncertainty of trial is the very stuff of which settlements are made. Expense and uncertainty may cause stress and pressure, but they do not constitute legal duress. Without such stress, pressure, expense and uncertainty there would be no reason to settle.
>
> The law strongly favors compromise agreements between parties and will not invalidate such settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud.

11

*Id.* at 1231.

Similarly, under Texas law, a waiver "occurs when a party either intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right," whether by "express renunciation" or through "[s]ilence or inaction, for so long a period as to show an intention to yield the known right." *Flores v. Skaro*, 13-03-358-CV, 2005 WL 2885841, at *6 (Tex. App. Nov. 3, 2005). The party's intent can be shown by inference or implication. *Id.* In *Flores*, like here, the plaintiff consented to a settlement and "signed an itemized settlement statement approving distribution of the settlement funds." *Id.* Years later, the plaintiff sued his attorneys claiming they received an "excessive" fee. *Id.* The trial court found there was no evidence to prove plaintiff's claim that he did not consent to the fee. *Id.* Rather, all the evidence, including the plaintiff's signature on the settlement statement and the judgment proved his consent. *Id.* The court found the fact that the plaintiff "voiced no objection and remained silent with respect to the propriety of the settlement" for years, "established his intent to relinquish his right to challenge the distribution of the settlement proceeds." *Id.*

It is also apparent that Plaintiff's claim for negligence is prescribed under Louisiana law. Negligence is a "delictual" action subject to a one year liberative prescription. La. Code Civ. Proc. art. 3492 (2023).[3] The prescriptive period "commences to run from the day injury or damage is sustained." *Id.* The Complaint includes no facts to indicate that prescription was interrupted or suspended.

---

[3] Article 3492 was repealed effective July 1, 2024 by Act 423 (H.B. 315), 2024 Regular Session of the Louisiana Legislature, and was replaced with a two-year liberative prescription for delictual actions. *See* La. Civ. Code art. 3493.11. However, Act 423 specified that "[t]he provisions of this Act shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act." *See* Act 423, § 3. Thus, Plaintiff's negligence claim, which arose before July 1, 2024, is governed by the former one-year prescriptive period.

Here, like *Hoover*, Plaintiff cannot establish duress on the allegations made in light of his repeated signed and sworn affirmation of his agreement and satisfaction with the terms of the settlement disbursement. Moreover, like *Flores*, Plaintiff has waived any complaint he could have made about the disbursements because he not only signed the disbursement statement, but agreed he was satisfied with it, and waited over a year to voice any objection. Further, because Plaintiff did not file a lawsuit within a year of the date of his injury, any claim for negligence is prescribed. La. Civ. Code 3492 (2023).

These conclusions are ones a reasonable attorney under the circumstances would have reached with a minimal amount of investigation into the law and facts. Having failed to do so, Plaintiff's attorneys have violated Rule 11(b)(2) and (3). Fed. R. Civ. Proc. 11(b)(2), (3).

**B.** **Plaintiff's Attorneys Have Violated Rule 11(b)(1).**

Further, there is absolutely no legitimate purpose for Plaintiff's attorneys to have included over two pages of irrelevant and highly scandalous accusations against the Buzbee Defendants in the Complaint. Doc. 1, pp. 4-6. The allegations are related to other lawsuits, persons, and alleged incidents that have *nothing whatsoever to do with Plaintiff's claims*. *Id.* Even if Plaintiff could prove them, which is denied, these accusations do not prove that the Buzbee Defendants committed any wrong against Plaintiff or that Plaintiff suffered the alleged damages he claims.

Lacking an objectively reasonable basis to have included these irrelevant, scandalous and impertinent accusations in the Complaint, it is apparent that the only reason for doing so was to harass, embarrass, and damage the Buzbee Defendants. *Whitehead*, 322 F.3d at 805-07. This is an "improper purpose" under Rule 11(b)(1) and warrants the imposition of an appropriate sanction.

### C. Plaintiff's Attorneys Should Be Sanctioned.

Plaintiff's attorneys were given twenty-one days' notice of the Buzbee Defendants' intention to bring this Motion as required by Rule 11(c)(2). Despite this notice, no corrective action has been taken. In light of the fact that Plaintiff's attorneys have inserted these same accusations in both this lawsuit and another lawsuit filed in this Court, the sanction imposed should be severe enough to deter future violations. The Buzbee Defendants suggest that in addition to striking the allegations,[4] Plaintiff's attorneys be publicly reprimanded and ordered to pay the Buzbee Defendants' attorney's fees and court costs incurred in preparing and filing this Motion. The Buzbee Defendants have incurred approximately $4,102.75 in connection with same.

### CONCLUSION

For the foregoing reasons, the Rule 11 Motion for Sanctions filed by Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm), should be granted.

Respectfully submitted,

*/s/ Joelle F. Evans*
William P. Gibbens, 27225
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, MCGOEY &
MCEACHIN, L.L.C.
909 Poydras Street, Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

*Attorneys for Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP d/b/a The Buzbee Law Firm*

---

[4] The Buzbee Defendants separately filed a Rule 12(f) Motion to Strike.

**CERTIFICATE OF SERVICE**

    I do hereby certify that on January 28, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system while will send a notice of electronic filing to all CM/ECF participants.

                                      */s/ Joelle F. Evans*
                                      JOELLE F. EVANS