UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAM GUIDRY, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY G. BUZBEE and ANTHONY G. BUZBEE LP (d/b/a THE BUZBEE LAW FIRM), <br><br> Defendant. | Civ. Action No.: 2:24-cv-02873 <br><br> JUDGE JANE TRICHE MILAZZO <br><br> MAG. JUDGE MICHAEL NORTH <br><br> SECTION "H" (5) |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11**

Kelley Berry
(Pro Hac Vice Pending)
BERRY & MUNN, P.A.
P.O. Drawer 768
201 Downing Street
Hazlehurst, MS 39083
Tel. (601) 894-4150
kberry@berrymunnpa.com

Timothy W. Porter, La. Bar No. 24863
PORTER MALOUF, P.A.
825 Ridgewood Road
Ridgeland, MS 39157
Tel. (601) 957-1173
tim@portermalouf.com

*Attorneys For Plaintiff*
*Adam Guidry*

**TABLE OF CONTENTS**

Page

INTRODUCTION………………………………………………………………………………..1

FACTUAL BACKGROUND…………………………………………………………………….3

LEGAL STANDARD……………………………………………………………………………4

ARGUMENT…………………………………………………………………………………….5

    I.    Guidry Filed His Complaint to Obtain Redress for Defendants' Misconduct; Not to Harass……………………………………………………………………6

    II.    Other Instances of Alleged Misconduct By Defendants Are Relevant to Thompson's Claims…………………………………………………………………………...6

    III.    Defendants Arguments About the Merits of Guidry's Complaints Are Premature; They Are Also Wrong…………………………………………………………...8

CONCLUSION………………………………………………………………………………….10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Buzbee*,
Index No. 161673/2024 (N.Y. Sup. Ct. Dec. 13, 2024)…..…………………………..….2, 7

*Canal Place Ltd. P'ship v. Fatakia*,
Civil Action No. 89-2017, 1989 U.S. Dist. LEXIS 7957 (E.D. La. July 10, 1989)………8

*CJC Holdings, Inc. v. Wright & Lato, Inc.*,
989 F.2d 791 (5th Cir. 1993)…………………………………………………………...5

*Cooter & Gell*,
496 U.S. 384 (1990)…………………………………………………………...5, 8, 10

*Doe v. Combs*,
Case No. 1:24-cv-7975, ECF 75 (S.D.N.Y. Jan. 22, 2025)………………………………2

*Farmer v. D&O Contractors, Inc.*
No. 14-1945, 2015 U.S. Dist. LEXIS 31390 (E.D. La. Mar. 13, 2015)…………………..8

*FDIC v. Duffy*,
47 F.3d 146 (5th Cir. 1995)……………………………………………………………6

*Gallagher Ben. Servs. v. Van Horn*,
2020 U.S. Dist. LEXIS 121323 (E.D. La. July 10, 2020)……………………………...4

*Garza v. Callan Marine, Ltd.*,
No. 2020CCV-61002-3 (Nueces Cnty. Tex. July 17, 2020)…………………………...1, 7

*Haywood v. Univ. of Pittsburgh*,
2012 U.S. Dist. LEXIS 179045 (W.D. Pa. Dec. 18, 2012)……………………………2, 8

*Hoffman v. Bailey*,
2017 U.S. Dist. LEXIS 72670 (E.D. La. May 12, 2017)………………………………....7

*Ill. Cent. R.R. v. Harried*,
2010 U.S. Dist. LEXIS 15534 (S.D. Miss. Feb. 2, 2010)……………………………...6

*In re Lowe's Home Ctrs., LLC*,
531 S.W.3d 861 (Tex. App. 2017)………………………..…………………………2, 8

*Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*,
No. 16-506 ( La. App. 5 Cir 03/29/17), 216 So. 3d 287…………………………………10

*Mark's Airboats, Inc. v. Thibodaux*,
    2015 U.S. Dist. LEXIS 40851 (W.D. La. Mar. 26, 2015)……………………………...8

*Olney Sacings & Loan Ass'n v. Trinity Banc Savings Ass'n*,
    855 F.2d 266 (5th Cir. 1989)…………………………………………………………10

*Ramachandran v. Jain*,
    2022 U.S. Dist. LEXIS 162662 (N.D. Tex. Aug. 16, 2022)……………………………...6

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
    833 F.3d 512 (5th Cir. 2016)…………………………………………………………...4

*SortiumUSA, LLC v. Hunger*,
    2014 U.S. Dist. LEXIS 35920 (N.D. Tex. Feb. 27, 2014)………………………………..4

*Stutts v. Melton*,
    No. 2013-0557 ( La. 10/15/13), 130 So. 3d 808…………………………………………..10

*Thomas v. Capital Sec. Serv., Inc.*,
    836 F.2d 866 (5th Cir. 1988)…………………………………………………………..5

*Thomas v. Overnite Transp. Co.*,
    2001 U.S. Dist. LEXIS 2704 (E.D. La. Mar. 7, 2001)…………………………………...7

*Thompson v. Buzbee*,
    Civ. Action No. 2:24-cv-02827 (E.D. La. Dec. 9, 2024)……………………………...1, 7

*Tompkins v. Cyr*,
    202 F.3d 770 (5th Cir. 2000)…………………………………………………………..4

*Tyner v. Callan Marine, Ltd.*,
    No. 2020CCV-61393-2 (Nueces Cnty. Tex, July 17, 2020)…………………………..1, 7

*United States v. Ganji*,
    2016 U.S. Dist. LEXIS 17619 (E.D. La. Feb. 12, 2016)…………………………………7

*Whitehead v. Food Max of Miss., Inc.*,
    332 F.3d 796 (5th Cir. 2003)…………………………………………………………..4

*Williams v. Litton*,
    865 So. 2d 838 (La. Ct. App. 2004)…………………………………………………..10

**<u>Rules</u>**

Fed. R. Civ. P. 11……………………………………………………………..…………4, 5, 8

**INTRODUCTION**

Plaintiff Adam Guidry hired Defendants Anthony G. Buzbee and Anthony G. Buzbee L.P. to be his lawyers. Instead of acting in Guidry's best interest, Defendants preyed on him by failing to keep Guidry informed regarding his litigation; failing to advise him concerning his options; misleading him about the value of his claim; failing to manage expenses reasonably in relation to the value of his claim; failing to disclose to Guidry the impact excessive expenses would have on his recovery; charging him excessive interest on advances; and claiming a grossly excessive portion of Guidry's settlement for themselves. Guidry received $5,123.19 when his $325,000 settlement was distributed.

Notwithstanding Tony Buzbee's mantra—"sunlight is the best disinfectant"—Defendants seek to avoid judicial scrutiny by attacking counsel. Defendants argue that counsel's Complaint describing their misconduct is simply intended to "harass." Indeed, it is not. The Complaint expressly seeks redress for Guidry's ordeal at the hands of Defendants, his former lawyers.

*First*, the Complaint clearly states Guidry's claims. Defendants breached their fiduciary duties to Guidry, were negligent, and unjustly enriched themselves using Guidry's funds. That Defendants argue harassment despite the number of similar allegations of misconduct toward clients in the public record is baffling. Paragraphs 16-23 describe cases in which Defendants were accused of preying on other clients, including by allegedly misappropriating maintenance-and-cure payments of other seaman clients (¶¶ 16-20), providing financial incentives to a known witness (¶ 21), submitting incorrect or fraudulent evidence (¶ 22), and assaulting a client (¶ 23). *See e.g., Garza v. Callan Marine, Ltd.*, No. 2020CCV-61002-3 (Nueces Cnty. Tex. July 17, 2020) (alleging that Defendants stole his client's maintenance-and-cure payments); *Thompson v. Buzbee,* Civ. Action No. 2:24-cv-02827 (E.D. La. Dec. 9, 2024) (alleging that Defendants misappropriated client's maintenance-and-cure payments); *Tyner v. Callan Marine, Ltd.*, No. 2020CCV-61393-2

(Nueces Cnty. Tex., July 17, 2020) (alleging that Defendants "intercepted" their client's maintenance-and-cure funds); *Brady v. Buzbee*, Index No. 161673/2024 (N.Y. Sup. Ct. Dec. 13, 2024) (alleging that Defendant Buzbee assaulted his client, then continued representing the client, and, in doing so, failed to "put his ethical obligations as attorney over his own self-interest"); *Haywood v. Univ. of Pittsburgh*, 2012 U.S. Dist. LEXIS 179045 (W.D. Pa. Dec. 18, 2012) (invalidating Defendant Buzbee's referral agreement with a known witness); *In re Lowe's Home Ctrs.*, LLC, 531 S.W.3d 861, 864 (Tex. App. 2017) (accusing Defendant Buzbee of submitting "venue pleadings and [his client's] affidavit" that were "at best, incorrect, and at worst, fraudulent.").

**Second**, Defendants scurry to hide behind a self-serving affidavit that Defendants drafted expressly to protect themselves from their own misconduct. Defendants hope to use their motion for sanctions fast-forward past the merits of Guidry's lawsuit and discovery. Tony Buzbee, himself, claims to be a proponent of discovery, but not in this case. Buzbee, opposing a Rule 11 motion in another case, stated in a filing: "At a minimum, until discovery has been completed, the Court simply cannot find that 'no reasonable evidentiary basis for a factual claim was disclosed in pretrial proceedings at trial' – the prerequisite for any examination by this Court of counsel's Rule 11 responsibilities." *Doe v. Combs*, Case No. 1:24-cv-7975, ECF 75 (S.D.N.Y. Jan. 22, 2025).

**Third**, the affidavit that Guidry was required to sign to receive his settlement funds does not waive or release any claims, nor does it contradict them. Guidry's claims are based on information that Defendants concealed and that Guidry discovered years later. Indeed, fraudulent concealment of facts from Guidry likely invalidates the affidavit, altogether.

## FACTUAL BACKGROUND

Guidry alleges in his Complaint (Dkt. 1) as follows:

Guidry resides in Lafourche Parish, Louisiana. Compl. ¶ 5. Guidry, a U.S. Coast Guard-

- 2 -

licensed ship captain, was severely injured while working aboard the General Eisenhower vessel. *Id.* ¶¶ 1, 12. In 2020, Guidry, impressed by Buzbee's public persona—including making aggressive public allegations to obtain favorable settlements—hired Buzbee and his firm to sue Callan Marine, Ltd., the owner of the vessel that Guidry had been working on. *Id*. ¶¶ 12-14.

Defendants told Guidry that his case was worth $1 million, but later insisted that he settle for less than one-third of that amount. *Id.* ¶15. Defendants never explained Guidry's options, never discussed the pros and cons of legal strategies, never disclosed mounting expenses, and never disclosed the meager amount Guidry would actually receive if he settled. *Id.* ¶¶ 1, 15. Defendants told Guidry he had no choice but to settle after Defendants' inflated expenses had milked the case for all it was worth. *Id.* ¶15. Defendants took 98% of Guidry's final disbursement and 74% of his overall settlement. Defendants deducted $53,000.00 in fees and $266,876.811 in inflated "expenses" including: $90,920.33 for expert witness fees; $5,935.01 for postage and copies; $9,763.20 for more copies; $9,493.05 for attorney travel expenses; and, adding insult to injury, $150.00 for "closing" fees. Moreover, the Buzbee Defendants deducted $25,723.42 in fees and expenses for a referring attorney who, despite promptly handing-off Guidry, claimed he accumulated $4,523.42 in expenses. *Id.* ¶ 2.

In addition to the inflated expenses, the Buzbee Defendants charged Guidry $23,571.51 in "interest" on $85,450.00 in "loans." *Id.* ¶ 3. Defendants kept Guidry in the dark concerning the unconscionable interest rates and exorbitant expenses, which is prohibited by the Rules of Professional Conduct[1] requiring fairness and transparency in any financial transaction with a client.

Guidry pleads in his Complaint, and public records show, that Defendants have been

---

[1] This is true under the American Bar Association's Model Rules of Professional Conduct, the Texas Disciplinary Rules of Professional Conduct, and the Louisiana Rules of Professional Conduct.

- 3 -

accused of similar wrongful conduct involving other injured seamen. *Id*. ¶¶ 16-20. Buzbee has also allegedly assaulted his clients (*id.*. ¶ 23), provided improper financial incentives and bribes (*id*. ¶ 21), and submitted incorrect or fraudulent evidence in his cases (*id*. ¶ 22).

Based on the foregoing, Guidry's allegations against Defendants are well-founded (Comp. ¶¶ 24-39) and their motion for sanctions is meritless.

## **LEGAL STANDARD**

A court may impose Rule 11 sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation; the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law; or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b)(1)-(3). Sanctions under Fed. R. Civ. P. 11 are "an *extraordinary remedy*, one to be exercised with extreme caution." *Gallagher Ben. Servs. v. Van Horn,* 2020 U.S. Dist. LEXIS 121323, at *4 (E.D. La. July 10, 2020) (quoting *SortiumUSA, LLC v. Hunger*, 2014 U.S. Dist. LEXIS 35920, at *7 (N.D. Tex. Feb. 27, 2014))

Under Rule 11, "the standard under which an attorney is measured is an objective, not subjective standard of reasonableness under the circumstances." *Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 802 (5th Cir. 2003). "Reasonableness is reviewed according to the 'snapshot' rule, focusing upon the instant the attorney affixes his signature to the document." *Snow Ingredients, Inc. v. SnoWizard, Inc.,* 833 F.3d 512, 528 (5th Cir. 2016). However, the moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Further, the advisory committee notes for Rule 11 state that a motion for sanctions should not be filed "to intimidate an adversary into withdrawing contentions that are fairly debatable." *Id.*

(citing Fed. R. Civ. P. 11; Advisory Committee Notes (1993)). The purpose of the rule is to "deter baseless filings in district court." *Cooter & Gell*, 496 U.S. 384, 393 (1990). The Fifth Circuit has made clear that the "[m]isapplication of Rule 11 can chill counsel's "enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories," contrary to its framers' intent. *CJC Holdings, Inc. v. Wright & Lato, Inc*., 989 F.2d 791, 794 (5th Cir. 1993) (quoting *Thomas v. Capital Sec. Serv., Inc*., 836 F.2d 866, 885 (5th Cir. 1988) (en banc). The circuit court concluded that "all [would] suffer" as a result of such misapplication. *Thomas*, 836 F.2d at 885.

## ARGUMENT

Defendants have not touched, much less overcome, the presumption that Guidry filed his lawsuit in good faith.

**I.      Guidry Filed His Complaint to Obtain Redress**

In his Complaint, Guidry alleges that Defendants took advantage of him when he was financially vulnerable. Defendants charged Guidry exorbitant interest on advances and claimed an excessive portion of his settlement while concealing from his rights, and their obligations. *Id*. ¶ 1. Guidry alleges that Defendants also inflated his case fees and expenses to enrich themselves. Guidry was charged $53,000.00 in fees and $266,876.811 in inflated "expenses" including: $90,920.33 for expert witness fees; $5,935.01 for postage and copies; $9,763.20 for more copies; $9,493.05 for attorney travel expenses; and, adding insult to injury, $150.00 for "closing" fees. Moreover, Defendants deducted $25,723.42 in fees and expenses for a referring attorney who, despite promptly handing-off Guidry, claimed he accumulated $4,523.42 in expenses. *Id*. ¶ 2. Additionally, Defendants charged Guidry $23,571.51 in "interest" on $85,450.00 in "loans." *Id*. ¶ 3. Based on these facts alone, Guidry clearly is entitled to seek redress. Comp. ¶¶ 24-39.

## II.     Each Example of Alleged Misconduct by Defendants Toward Other Clients is Relevant

In his Complaint, Guidry alleges that Defendants used the attorney-client relationship to conceal information and take advantage of him. In paragraphs 16 through 23 of his Complaint, Guidry cites other instance of similar misconduct by Defendants toward their clients. Defendants allegedly have converted maintenance-and-cure payments of other clients and used these funds to make unethical loans to the clients. The Complaint also cites instances in the public record where Defendant Buzbee is alleged to have breached fiduciary duties to clients including allegations that he: engaged in a personal relationship with a client, assaulted her, then continuing representing her in order to use the attorney-client relationship to protect himself (¶ 23), provided financial incentives to a known witness (¶ 21), and submitted incorrect or fraudulent evidence to a court (¶ 22).

Defendants argue that other instances where they took advantage of clients "have nothing whatsoever to do with Plaintiff's claims." Mot. at 13 (emphasis omitted). To the contrary, Defendants apparently have a pattern of placing their own interests above the interests of their clients, which is the essence of this lawsuit. Indeed, evidence of similar bad acts and course of conduct routinely is used to show knowledge, pattern and practice, and intent to commit fraud in breaching fiduciary duties. *FDIC v. Duffy*, 47 F.3d 146, 152 (5th Cir. 1995) ("Under Louisiana law, a cause of action for breach of fiduciary duty 'requires proof of fraud, breach of trust, or an action outside the limits of the fiduciary's authority.'"); *see also e.g., Ill. Cent. R.R. v. Harried*, 2010 U.S. Dist. LEXIS 15534, at *6-7 (S.D. Miss. Feb. 2, 2010) (finding that evidence of similar bad acts by an attorney are admissible knowledge and/or intent to commit fraud, and relevant to show the attorneys' "pattern and practice" of fraudulent behavior); *Ramachandran v. Jain*, 2022 U.S. Dist. LEXIS 162662, at *7 (N.D. Tex. Aug. 16, 2022) (denying defendant's motion in limine

to exclude other relevant lawsuits and holding such evidence is admissible to provide defendant's intent and motive in connection with fraud claim); *United States v. Ganji*, 2016 U.S. Dist. LEXIS 17619, at *10-11 (E.D. La. Feb. 12, 2016) (finding doctors fraudulent billing practices is course of conduct evidence of similar fraud which serves to prove that the defendant(s) engaged in substantially similar fraudulent acts and that it is less likely that the defendant had a lawful intent with regard to the billings/certifications at issue in case).

Not surprisingly, Courts have refused to strike—let alone sanction—references to alleged prior bad acts. *See Hoffman v. Bailey,* 2017 U.S. Dist. LEXIS 72670, at *13, 21 (E.D. La. May 12, 2017) (denying a motion to strike references to prior litigation and sanctions against defendant that Plaintiff argued demonstrated a "pattern of fraudulent behavior"); *see also Thomas v. Overnite Transp. Co.*, 2001 U.S. Dist. LEXIS 2704, at *6-7 (E.D. La. Mar. 7, 2001) (denying Rule 12(f) motion to strike allegations of discrimination against "other black city drivers" because the complaint alleged defendants engaged in a pattern of racial discrimination and/or harassment against plaintiffs and other African employees).

Defendants also argue that Guidry's allegations are intended solely to embarrass them. To the contrary, Guidry's allegations of similar misconduct were found in the public domain through court records or media reports. Compl. ¶¶ 16-23; *see e.g., Garza v. Callan Marine, Ltd.* No. 2020CCV-61002-3 (Nueces Cnty. Tex. July 17, 2020) (alleging that Defendants stole his client's maintenance-and-cure payments); *Thompson v. Buzbee,* Civ. Action No. 2:24-cv-02827 (E.D. La. Dec. 9, 2024) (alleging that Defendants misappropriated client's maintenance-and-cure payments); *Tyner v. Callan Marine, Ltd.*, No. 2020CCV-61393-2 (Nueces Cnty. Tex., July 17, 2020) (allegations that Defendants "intercepted" their client's maintenance-and-cure funds); *Brady v. Buzbee*, Index No. 161673/2024 (N.Y. Sup. Ct. Dec. 13, 2024) (alleging that Defendant

Buzbee assaulted his client and then failed to "put his ethical obligations as attorney over his own self-interest"); *Haywood v. Univ. of Pittsburgh*, 2012 U.S. Dist. LEXIS 179045 (W.D. Pa. Dec. 18, 2012) (invalidated Defendants' referral agreement); *In re Lowe's Home Ctrs*., LLC, 531 S.W.3d 861, 864 (Tex. App. 2017) (accusing Defendants of submitting "venue pleadings and [their client's] affidavit" that were "at best, incorrect, and at worst, fraudulent.").

It is not harassment for Guidry to support his claims by referencing other alleged misconduct by Defendants toward their clients.

**III.    Defendants Arguments Are Not Only Incorrect, They Are Grossly Premature**

Under Rule 11, the Court does not judge the merits of the action but rather determines whether an attorney has abused the judicial process. *Mark's Airboats, Inc. v. Thibodaux*, 2015 U.S. Dist. LEXIS 40851, at *9 (W.D. La. Mar. 26, 2015) (citing *Cooter & Gell*, 496 U.S. 384, 396 (1990)). Rule 11 should not be used to test the legal or factual sufficiency of a party's claims. *Id.*; *see also* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). Courts thus regularly hold that a sanctions motion should be resolved at the *end*, not the beginning of a case. *See Canal Place Ltd. P'ship v. Fatakia*, Civil Action No. 89-2017, 1989 U.S. Dist. LEXIS 7957 (E.D. La. July 10, 1989) ("in the case of pleadings, the sanctions issue will normally be determined at the end of litigation."); *see also Farmer v. D&O Contractors, Inc*., No. 14-1945, 2015 U.S. Dist. LEXIS 31390 at *21 (E.D. La. Mar. 13, 2015) ("[T]he imposition or denial of sanctions of necessity involves a fact-intensive inquiry into the circumstances surrounding the activity alleged to be a violation of Rule 11.")

Defendants argue that Rule 11 sanctions are appropriate because Guidry "waived" his claims and that they are untimely. Mot. at 11-12. Whether Guidry "waived" his claims and whether they are time barred requires the Court to consider questions of fact and law, which are inappropriate on Rule 11 motion. Defendants have not even answered yet, much less been required

to turn over their file on Guidry. subjected to discovery.

Guidry did not "waive" his claims. The affidavit does not even contain the terms "waive" or "release," and certainly does not say that Guidry waives or releases claims that he didn't know he had because they were concealed by his attorneys. Each of Guidry's claims are founded upon the fact that his lawyers concealed information so they could take advantage of him, as they apparently have many clients before him.

Nor is the affidavit, to the extent it is valid at all, contradictory to Guidry's claims and allegations. Guidry's affidavit, drafted by Defendants, says he "reviewed and understand[s] the breakdown of the settlement funds in my case," that he was, at the time, "satisfied with the information I have been provided and the services rendered by the Buzbee Law Firm." Mot., Ex. C at 3-4. Guidry was satisfied with the information he was provided because he was not provided the information that would cause him dissatisfaction, e.g., the information that would have revealed that his lawyers had used the attorney-client relationship to take advantage of him by converting his funds to their own uses. Guidry alleges Defendants "never disclosed mounting expenses, and never disclosed the meager amount Guidry would receive at distribution." Compl. at ¶ 1. Defendants had "kept Guidry in the dark" about their financial practices. *Id.* ¶ 3. Guidry did not know – and could not have known – at the time he signed his affidavit that Defendants had, for instance, "fail[ed] to keep him informed regarding his litigation [and] fail[ed] to advise him concerning his options." *Id.* ¶ 25. Moreover, as Defendants would have known, Guidry was in a vulnerable state, susceptible to his attorneys' suggestions, because "he had lost his job as a result of his injury, he was financially destitute, his marriage had failed, and he was struggling with addiction." *Id.* ¶ 1. It is what Guidry learned ***after signing his affidavit*** that forms the basis of his claims against Defendant, making his "satisfaction" at the time of signing the affidavit irrelevant.

Guidry anticipates that the evidence, including evidence from Defendants files, will show that Defendants withheld significant, material information from him before presenting him with the affidavit, thereby invalidating it.[2] *Williams v. Litton,* 865 So. 2d 838 (La. Ct. App. 2004) ("Fraud, of course, is one of the most common grounds for revoking a contract. If the contract was procured by fraud . . . there is absolutely no contract"); *Stutts v. Melton*, 2013-0557 ( La. 10/15/13), 130 So. 3d 808, 814 (Fraud vitiates consent and thus is grounds for rescission); *Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 ( La. App. 5 Cir 03/29/17), 216 So. 3d 287, 304 (same); *Olney Savings & Loan Ass'n v. Trinity Banc Savings Ass'n*, 885 F.2d 266, 276 (5th Cir. 1989) ("Fraud in the inducement is fatal to a contract."). For instance, Guidry has good faith reason to believe that one of these grounds – particularly fraudulent inducement – overcomes any such affidavit.

Finally, Defendants argue that Guidry's claims are barred by statute of limitations, Mot. at 8, whether Texas law applies, Mot. at 12, and whether Guidry could support a claim of duress, Mot. at 13. Once again, Defendants misuse Rule 11. A Rule 11 motion is intended to "deter baseless filings in district court," *Cooter & Gell.* 496 U.S. at 393, not as cover for a defendant to avoid the merits of a lawsuit. There has been no discovery or evidence presented concerning when Guidry's limitation period was trigged.

The motion is a blatant and improper attempt by Defendants to use Rule 11 to avoid discovery and judicial scrutiny of their actions. The motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant' Rule 11 Motion for Sanction should be denied and

---

[2] Guidry does not exhaustively list his possible grounds to challenge the Settlement Affidavit here. Underscoring the prematurity of Defendants' motion, although Guidry expects to show that he was fraudulently induced to enter the Settlement Affidavit, as the facts of this case unfold, other grounds for challenging its validity may become apparent.

all costs assessed to Defendants.

DATED: February 18, 2025

                By:   */s/Timothy W. Porter*
                      Timothy W. Porter, La. Bar No. 24863
                      PORTER MALOUF, P.A.
                      825 Ridgewood Road
                      Ridgeland, MS 39157
                      Telephone: (601) 957-1173
                      Facsimile: (601) 957-7366
                      tim@portermalouf.com

OF COUNSEL:

Kelley Berry
(Pro Hac Pending)
BERRY & MUNN, P.A.
P.O. Drawer 768
201 Downing Street
Hazlehurst, MS 39083
(601) 894-4150
kberry@berrymunnpa.com

Timothy W. Porter, La. Bar No. 24863
PORTER MALOUF, P.A.
825 Ridgewood Road
Ridgeland, MS 39157
Telephone: (601) 957-1173
Facsimile: (601) 957-7366
tim@portermalouf.com

- 11 -

## CERTIFICATE OF SERVICE

I, Timothy W. Porter, certify that the above and foregoing Pleading was filed electronically via the Court's ECF system, which sent notification of such filing to all counsel of record.

This, the 18th day of February, 2025.

<div style="text-align: right;">

*/s/ Timothy W. Porter*
Timothy W. Porter

</div>