UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAM GUIDRY,<br>    Plaintiff | CIVIL ACTION NO. 2:24-cv-02873 |
| versus | JUDGE JANE TRICHE MILAZZO |
| ANTHONY G. BUZBEE and<br>ANTHONY G. BUZBEE LP<br>(d/b/a THE BUZBEE LAW FIRM) and,<br>JOHN DOES 1-10<br>    Defendants | MAG. JUDGE MICHAEL NORTH |

**DEFENDANTS' REPLY TO**
**OPPOSITION TO RULE 12(f) MOTION TO STRIKE**

Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm) (collectively "Buzbee Defendants"), respectfully submit this Reply to the Opposition (Doc. 17) filed by Plaintiff, Adam Guidry, to the Buzbee Defendants' Rule 12(f) Motion to Strike (Doc. 5). The Motion is directed solely at specific immaterial, impertinent and/or scandalous allegations, namely paragraphs 16 to 23 of the Complaint including any footnotes, which violate the rules of pleading adhered to by this Court. <u>It does not affect or concern any of the factual allegations that are actually pertinent to Plaintiff's claims.</u>[1]

Plaintiff argues, but cannot prove, that these allegations are "material" to his claims, that they are not "scandalous," and that they do not prejudice the Buzbee Defendants. But the Court need only read them to see this is untrue. There can be no doubt that allegations the Buzbee Defendants seek to strike are inflammatory and scandalous, and do not bear any relevance to

---

[1] Plaintiff complains that the Motion seeks to strike "all but four" of his allegations in the "Facts" section. This is certainly true because of the twelve total paragraphs under "Facts," *only four of them have anything whatsoever to do with Plaintiff*. The remainder, paragraphs 16 through 23, are wholly irrelevant to Plaintiff's claims.

Plaintiff's actual claims. Moreover, as these allegations directly impugn the integrity of the Buzbee Defendants, they are clearly prejudicial.[2] These allegations should be struck.

I. **THE CITED ALLEGATIONS ARE NOT "MATERIAL" TO PLAINTIFF'S CLAIMS AND ARE SCANDALOUS AND PREJUDICIAL.**

The Buzbee Defendants' Motion is directed solely at paragraphs 16 to 23 of the Complaint, including footnotes. Doc. 1. None of these allegations concern Plaintiff, Plaintiff's injuries, Plaintiff's engagement of the Buzbee Defendants, any services performed by the Buzbee Defendants, or the settlement of Plaintiff's personal injury claims by the Buzbee Defendants. *Id.* Plaintiff's argument that the Buzbee Defendants seek to strike his "core allegations" is patently false. Doc. 17, p. 10.[3]

Plaintiff, incredibly, contends that the Buzbee Defendants "do not describe how or why Guidry's allegations are unrelated to his breach of fiduciary duty, unjust enrichment, and negligence claims." *Id.*, pp. 8-9. A simple reading of these allegations demonstrates, without question, that they are not only unrelated, but entirely immaterial, impertinent, and scandalous. *Plaintiff is not even mentioned in any of these paragraphs* which concern other alleged clients, lawsuits, and false and shocking accusations of illegal conduct, the truth or falsity of which *have no possible bearing* on Plaintiff's claims.

The burden, therefore, shifts to Plaintiff to demonstrate that these allegations are not improper, are material to his claims, and not scandalous. Plaintiff does not come close to sustaining this burden.

---

[2]     As shown in the Buzbee Defendants' Reply in response to Plaintiff's Opposition to the Rule 11 Motion for Sanctions, the accusations are also entirely false.

[3]     Recent admissions by Plaintiff also call into doubt his alleged "core allegations." In the Complaint, Plaintiff asserted that the "Buzbee Defendants told Guidry his case was worth $1 million" (Doc. 1, ¶¶ 1, 14, 15). But now, in his Opposition to the Buzbee Defendants' Motion to Dismiss for *Forum Non Conveniens*, Plaintiff admits that it was actually the non-party referring attorney, Hodge Law Firm, PLLC, not the Buzbee Defendants, who "**initially valued Plaintiffs claims at $1 million**." Doc. 18, p. 2 (emphasis added).

### A. The allegations are scandalous and prejudicial.

At the outset, Plaintiff's position that the allegations are not scandalous, and that the Buzbee Defendants have not shown substantial prejudice must be rejected. Doc. 17, pp. 10-13. The allegations are shocking, defamatory and, without doubt, "improperly cast[ ] a derogatory light on" the Buzbee Defendants. Maintaining such accusations in the public record seriously impairs the Buzbee Defendants' reputations and have no place in this litigation. Any argument by Plaintiff to the contrary is entirely disingenuous. The cases cited by Plaintiff in support his arguments on this point are entirely distinguishable. In *Sadler v. Benson Motors Corp.*, CIV.A. 97-1083, 1997 WL 266735, at *1 (E.D. La. May 15, 1997), the plaintiff sued the defendant for racial discrimination. The complaint described a rope allegedly "tied in a Ku Klux Klan lynch noose" which plaintiff claimed had been left on his desk. *Id.* The district court struck the reference to the Ku Klux Klan, but not the description of a "lynch noose," finding the former was included solely for inflammatory effect, while the latter was "factually descriptive" of the *actual rope plaintiff claims was left on his desk. Id.* at **1-2. Here, *none of the scandalous accusations sought to be struck concern actions or events that happened to Plaintiff.* Rather, they are inaccurate and false accusations allegedly made *by other persons, not Plaintiff, and which have nothing to do with Plaintiff*.

Equally irrelevant is *Girod Titling Tr. v. Pittman Assets, LLC*, CV 24-1993, 2024 WL 4471458, at *4 (E.D. La. Oct. 11, 2024). There, the Motion to Strike was directed at statements made in a motion to remand, which the district court held is not a pleading and therefore not subject to Rule 12(f). Thus, any discussion of whether the allegations therein meet the standard necessary

3

to satisfy Rule 12(f) is merely dicta. And in any event, the Court's discussion only serves to underscore why a motion to strike, improper there, is proper here. Unlike here, in *Girod*, the references to other cases were directly relevant to the issue at hand. *Id.* at *5. And the district court pointed out that it is "simply incorrect" to urge that "citations to case law supporting [plaintiff's] position as to lack of jurisdiction" are "immaterial or impertinent" under Rule 12(f). *Id.* The references to the Buzbee Defendants' other clients in the Complaint are not merely citations to the law or legal standards, and the accusations have no relevance to Plaintiff's claims. Thus, *Girod* does not support Plaintiff's position.

Plaintiff also relies on *Hi-Tech Elec., Inc. of Delaware v. T&B Constr. & Elec. Servs., Inc.*, CV 15-3034, 2017 WL 660645, at *1 (E.D. La. Feb. 15, 2017), urging this case requires that to show "prejudice" necessary to sustain a Rule 12(f) motion, the mover "must show how the inclusion of the challenged allegations will have a substantial and prejudicial effect on the litigation itself, such as changing scheduling timelines, or causing unnecessary legal costs by necessitating a full, separate response." *Id.* Plaintiff is wrong. In *Hi-Tech*, the district court declined to strike words including "failed miserably," "boasted," "undeserved credit" and "absurd," finding they were not scandalous. *Id.* It also declined to strike references to alleged violations of federal law and fraud because "these violations in part form the basis of [plaintiff's]" claims for breach of contract and fiduciary duty. *Id.* While the district court noted *as examples* that prejudice can be shown by "factors like delay, whether the challenged statements will unnecessarily prolong or prevent discovery, or increase the parties' expenses," its decision in no way can be read as limiting prejudice under Rule 12(f) to these things.

Here, Plaintiff has included false accusations in his Complaint which are by definition "scandalous" because they "improperly cast[ ] a derogatory light on" the Buzbee

4

Defendants. The Buzbee Defendants continue to be prejudiced by these accusations which are not only in the public record of this lawsuit, and the *Thomspon* matter (also filed by Plaintiff's attorneys), but have been extensively reported by the media.[4] That is exactly the effect Plaintiff hoped to have when he included these irrelevant and shocking accusations in his pleading.

   B.   **The allegations are immaterial.**

As for materiality, Plaintiff again misses the mark. Regarding paragraphs 16-23, which include false accusations and scandalous references regarding other clients, cases, and matters that have nothing whatsoever to do with Plaintiff, Plaintiff claims they are relevant to show a pattern or practice, because the Buzbee Defendants have allegedly "been involved in other breaches of his client's trust" and other alleged wrongful conduct (which will not be repeated here). *Id.*, p. 9. But even if Plaintiff could prove these accusations are true, which is denied, Plaintiff does not even attempt to show how doing so would prove *his claims*. Plaintiff erroneously contends that establishing a "pattern and practice of preying on clients" is relevant citing multiple cases, none of which apply. Of the numerous cases cited, *only two* concerned Rule 12(f) motions to strike. The others concerned admissibility of *evidence* which is not before the Court, making those cases immaterial.

In *Hoffman v. Bailey*, CV 13-5153, 2017 WL 1969540, at *6 (E.D. La. May 12, 2017), the motion to strike was considered *after* the counterclaim at issue had been dismissed for

---

[4] *See* The Buzbee Law Firm Accused of Client Abuse in Two Louisiana Lawsuits (available at https://www.law.com/texaslawyer/2024/12/16/the-buzbee-law-firm-accused-of-client-abuse-in-two-louisiana-lawsuits/?slreturn=20250219193456); Tony Buzbee Sued By Another Former Client Guidy … (available at https://www.fox44news.com/business/press-releases/cision/20241213NY79826/tony-buzbee-sued-by-another-former-client-adam-guidry-for-misappropriation-of-money-according-to-new-lawsuit-from-berry-munn-pa-and-porter-malouf/); Tony Buzbee's Crisis Chronicles: Unraveling Lawsuits Against the Attorney (available at https://www.hotnewhiphop.com/871369-tony-buzbee-lawsuits-drama); Ex-Client Slams Buzbee's Sanctions Bid in Fraud Suit (available at https://www.law360.com/articles/2297113/ex-client-slams-buzbee-s-sanctions-bid-in-fraud-suit; Tony Buzbee Hit With New Lawsuit From Former Client As Jay-Z Case Mounts (available at https://www.hotnewhiphop.com/867412-tony-buzbee-new-lawsuit-former-client-jay-z-hip-hop-news)

failure to state a claim, and was denied because it was untimely. Any discussion of the merits of the motion is merely *dicta*.

In *Thomas v. Overnite Transp. Co.*, CIV. A. 00-1260, 2001 WL 238192, at *2 (E.D. La. Mar. 8, 2001), the crux of the plaintiff's claim was that the defendant "engaged in a pattern of racial discrimination and/or racial harassment against plaintiffs and other similarly situated African American employees" in violation of Title VII of the Civil Rights Act of 1964." The district court declined to strike references to other employees because it was not "unrelated" to the plaintiff's claim. *Id.*

Here, Plaintiff is not seeking to vindicate the rights of a class of persons who allegedly suffered similar wrongs, but has made specific claims regarding himself and the handling of his lawsuit by the Buzbee Defendants. Alleging that the Buzbee Defendants wronged other, unrelated persons does not further Plaintiff's claims. Plaintiff has not, and cannot, explain how unsubstantiated accusations made by other clients and persons pertain to or support Plaintiff's claims, *particularly those which did not even involve the same type of underlying lawsuit*. Notably, nowhere in Plaintiff's Complaint does he claim that he was subjected to any actions or conduct by the Buzbee Defendants similar to the accusations described in paragraphs 16 through 23.[5] Nowhere in Plaintiff's Opposition does he explain, other than through conclusory statements, how these scandalous accusations are in any way material to his causes of action.

Plaintiff's Opposition, thus, fails to refute the Motion to Strike which should be granted.

---

[5] While Plaintiff also claimed to have been injured above a vessel, the similarity between his lawsuit and those described in paragraphs 17, 18 and 20 ends there. Plaintiff does not allege the Buzbee Defendants mishandled alleged maintenance and cure payments. As to the *Thompson* matter described in paragraph 19 – this is another case filed at the same time as the present matter by the same attorneys and is subject to a separate motion to strike and motion for sanctions. Any similarity was manufactured by Plaintiff's attorneys. The alleged conduct described in paragraphs 21 to 23 is in no way similar to or material to anything Plaintiff alleges in his Complaint.

## CONCLUSION

For the foregoing reasons, and those previously stated, the Rule 12(f) Motion to Strike filed by Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm), should be granted.

Respectfully submitted,

/s/ Joelle F. Evans
William P. Gibbens, 27225
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, MCGOEY &
MCEACHIN, L.L.C.
909 Poydras Street, Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

*Attorneys for Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP d/b/a The Buzbee Law Firm*

## CERTIFICATE OF SERVICE

I do hereby certify that on February 21, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system while will send a notice of electronic filing to all CM/ECF participants.

/s/ Joelle F. Evans
JOELLE F. EVANS