UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADAM GUIDRY                                          CIVIL ACTION

VERSUS                                               NO: 24-2873

ANTHONY BUZBEE ET AL.                                SECTION "H"

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Forum Non Conveniens (Doc. 4). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

Plaintiff Adam Guidry brings claims against attorney Anthony Buzbee and his law firm, The Buzbee Law Firm, for breach of fiduciary duties, unjust enrichment, and negligence arising out of their representation of him in a personal injury case. In 2019, Plaintiff was injured on the job and retained Hodge Law Firm, PLLC to represent him in his claim against the owner of the vessel upon which he was injured. Hodge Law Firm associated Defendants to assist in Plaintiff's representation on the case. Plaintiff alleges that Defendants coerced him into settling his claim for less than one-third of the amount at which they initially valued it and retained 97% percent of the settlement amount for fees, expenses, and interest. Defendants have moved to dismiss Plaintiff's claims, arguing that the forum selection clause in the

1

representation contract requires this action to be brought in Galveston County, Texas. Plaintiff opposes.

## LAW AND ANALYSIS

The contract at issue contains a forum-selection clause stating that: "This Contract shall be governed by the laws of the State of Texas and any action shall be brought in the District Courts of Galveston County, Texas."[1] Defendants argue, therefore, that this matter should be dismissed without prejudice so that it may be filed in the appropriate venue. Plaintiff objects, arguing (1) that Defendants do not have standing to enforce the forum selection clause; (2) that Plaintiff's claims are outside the scope of the forum selection clause; and (3) that Defendants have failed to carry their burden on the forum non conveniens factors. This Court will consider each argument in turn.

### A. Standing to Enforce the Forum Selection Clause

At the outset, Plaintiff disputes whether Defendants have standing to enforce the forum selection clause. The clause at issue is contained in a representation contract between Plaintiff and Hodge Law Firm in which Plaintiff agreed to employ Hodge Law Firm to represent him in his claim on a contingency basis ("the Representation Contract"). Only Plaintiff and a representative of Hodge Law Firm signed the Representation Contract. However, the Representation Contract contains a provision in which Plaintiff agreed that Hodge Law Firm may associate additional attorneys to assist in his representation. After Hodge Law Firm associated Defendants to assist in

---

[1] Doc 4-2.

Plaintiff's representation, Plaintiff, Defendants, and a representative of Hodge Law Firm signed an additional document entitled "Consent to Association of Additional Counsel" in which Plaintiff agreed to the association of Defendants for the prosecution of his case. The Consent to Association of Additional Counsel specifically references the portion of the Representation Contract which allows for the association of additional counsel.

Plaintiff alleges that because Defendants were not parties to the Representation Contract, they cannot enforce the forum selection clause therein. The Fifth Circuit has adopted the "closely related" doctrine to permit non-signatories to an agreement to enforce a forum selection clause where they enjoy "a sufficiently close nexus to the dispute or to another signatory such that it was foreseeable that they would be bound."[2] It has also provided courts with non-exclusive factors to evaluate when considering whether a non-signatory is closely related: "(1) common ownership between the signatory and the non-signatory, (2) direct benefits obtained from the contract at issue, (3) knowledge of the agreement generally and (4) awareness of the forum selection clause particularly."[3] The Fifth Circuit has counseled, however, that the closely related doctrine is "context specific," and it has not set out a "rigid test" for its application.[4]

Applying the closely related doctrine here, the Court points out that although there is no common ownership between Hodge Law Firm and

---

[2] Franlink Inc. v. BACE Servs., Inc., 50 F.4th 432, 441 (5th Cir. 2022).
[3] *Id.* at 442.
[4] *Id.*

3

Defendants, each of the other factors is met. Defendants enjoyed a direct benefit from the Representation Contract—a share of the 40% of the recovery that Plaintiff agreed to pay to his attorneys. Further, the Representation Contract informed Plaintiff that Hodge Law Firm could enroll additional counsel. The Consent to Association of Additional Counsel, which was signed by both Plaintiff and Defendants, confirmed that Defendants had been obtained to assist in Plaintiff's representation and specifically referenced the Representation Contract. Accordingly, all parties were aware of the Representation Contract and the terms therein. Plaintiff signed the Representation Contract, acknowledging both the forum selection clause and the possibility that additional counsel could be associated, and therefore the fact that said additional counsel might seek to enforce the forum selection clause was more than foreseeable. This Court finds that Defendants, despite being non-signatories to the Representation Contract, can enforce the forum selection clause because they enjoy "a sufficiently close nexus to the dispute."[5]

### B. Scope of Forum Selection Clause

Next, Plaintiff argues that his claims fall outside of the scope of the forum selection clause. The clause at issue here is broad, requiring "any action" to be brought in Galveston County, Texas. Plaintiff argues that the scope of the Representation Contract is limited to property damage claims against his insurance company and that his claims here for Defendants' "fraudulent and tortious conduct" are outside of its scope. But the Complaint asserts claims for breach of fiduciary duty, unjust enrichment, and negligence all arising out of

---

[5] *Id.*

4

Defendants' representation of Plaintiff and relating to the fee agreement reached in the Representation Contract. Chief among Plaintiff's complaints is the portion of the settlement that Defendants retained as fees and expenses. Those issues are addressed by the Representation Contract and the Consent to Association of Additional Counsel, which provide for a fee of 40% of Plaintiff's recovery and reimbursement of expenses and costs advanced on Plaintiff's behalf for experts, depositions, copies, filing fees, and travel etc. Accordingly, Plaintiff's claims arise out of the Representation Contract and are therefore within the scope of the "any action" contemplated by the forum selection clause.

### C. Forum Non Conveniens

Having determined that Defendants can enforce the forum selection clause, the Court now considers whether to enforce it here. "[E]ven in diversity cases, federal law governs the 'enforceability' of forum-selection clauses in this circuit."[6] In *Atlantic Marine Construction Co. v. United States District for the Western District of Texas*, the Supreme Court explained that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[7]

Antecedent to the *forum non conveniens* analysis is the question of whether the forum selection clause at issue is mandatory.[8] "The Fifth Circuit recognizes a distinction between mandatory and permissive forum selection

---

[6] Barnett v. DynCorp Int'l, L.L.C., 831 F.3d 296, 301 (5th Cir. 2016). Much of Plaintiff's arguments incorrectly rely on Texas law.

[7] 571 U.S. 49, 60 (2013).

[8] *See* Al Copeland Invs., LLC v. First Specialty Ins. Corp., No. CV 16-16346, 2017 WL 2831689, at *6 (E.D. La. June 29, 2017), *aff'd sub nom.* Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp., 884 F.3d 540 (5th Cir. 2018).

clauses."[9] "A mandatory FSC [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."[10] "By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum."[11] "Only mandatory clauses justify transfer or dismissal."[12] Here, the forum selection clause—stating that litigation *shall* be initiated in Galveston County, Texas—contains "clear language specifying that litigation must occur in the specified forum" and is mandatory.[13]

Courts must also consider the enforceability of the forum selection clause before analyzing *forum non conveniens*.[14] "Under federal law, forum-selection clauses are presumed enforceable."[15] This is a strong presumption that can only be overcome by a clear showing that the clause is unreasonable under one of the following circumstances:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4)

---

[9] Chep Container & Pooling Sols., Inc. v. Pepper Source, Ltd., No. 20-01225, 2020 WL 12675645, at *4 (E.D. La. Dec. 17, 2020) (citing Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016)).
[10] *Weber*, 811 F.3d at 768 (alteration added).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *See Al Copeland Invs., LLC*, 2017 WL 2831689, at *6.
[15] Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 441 (5th Cir. 2008) (internal quotations omitted).

enforcement of the forum selection clause would contravene a strong public policy of the forum state.[16]

"The party resisting enforcement on these grounds bears a 'heavy burden of proof.'"[17]

Plaintiff has not raised any of these grounds against the enforcement of the forum selection clause. Plaintiff argues only that the forum selection clause should not be enforced because it was not bargained for. The Supreme Court has held, however, that the fact that a forum selection clause is contained in a form contract does not render it unenforceable "simply because it is not the subject of bargaining."[18] The rule that a forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable applies with equal force to form contracts containing a choice of forum provision.[19] Accordingly, Plaintiff has not shown that the forum selection clause is unreasonable.

Finally, a court applying the doctrine of *forum non conveniens* must ordinarily "determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum."[20] However, "[t]he presence of a valid forum-selection clause

---

[16] Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 12–13 (1972)).

[17] *M/S Bremen*, 407 U.S. at 17.

[18] Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593, 111 S. Ct. 1522, 1527, 113 L. Ed. 2d 622 (1991).

[19] Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995).

[20] *Barnett*, 831 F.3d at 300 (citing DTEX, LLC v. BBVA Bancomer, S.A., 508 F.3d 785, 794–95 (5th Cir. 2007)).

simplifies this analysis in two ways."[21] "First, the plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises."[22] Second, the private-interest factors "weigh entirely in favor of the preselected forum," so that the "district court may consider arguments about public-interest factors only."[23] Thus, "a valid forum-selection clause controls the *forum non conveniens* inquiry '[i]n all but the most unusual cases.'"[24] "This suggests quite a high burden of persuasion on the party seeking to avoid enforcement" of the forum selection clause.[25]

The public interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."[26] Plaintiff alleges only that Louisiana has a substantial interest in maintaining a case involving a Louisiana resident and an entity conducting business in Louisiana in order to protect its citizens from harm. "That, while true, manifestly is not the sort of exceptional circumstance that justifies disregarding the parties' agreement on public-interest-factor grounds. The interests of the United States and the states individually in protecting their

---

[21] *Id.*
[22] Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 64 (2013).
[23] *Id.*
[24] *Barnett*, 831 F.3d at 300 (alteration in original).
[25] *Weber*, 811 F.3d at 776.
[26] *Id.*

own citizens are implicated in every case."[27] This is not one of the "truly extraordinary cases" in which the public interest factors outweigh a valid and enforceable forum selection clause.[28]

Having determined that the forum selection clause in the Representation Contract both can and should be enforced, the Court must dismiss Plaintiff's claims so that they may be filed in the appropriate venue.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** on *forum non conveniens* grounds.

New Orleans, Louisiana this 9th day of May, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[27] *Id.*
[28] *Id.*